UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO RODRÍGUEZ APONTE & JOSÉ M. PUIGDOLLERS VEGA<br>PLAINTIFF<br><br>VS.<br><br>COMMONWEALTH OF PUERTO RICO, THROUGH THE SECRETARY OF JUSTICE; POLICIA DE PUERTO RICO AND ITS WEAPONS LICENSING OFFICE, THROUGH ITS SUPERINTENDENT AND CAPTAIN JOHNNY ACEVEDO; COLONEL MANUEL DE JESÚS TRESCOW;  JOHN DOES 1–10<br>DEFENDANTS | Civil Action No.<br><br><br>COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES UNDER 42 U.S.C. § 1983<br>NO JURY TRIAL REQUESTED |

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

UNDER 42 U.S.C. § 1983

Plaintiff, through undersigned counsel, respectfully states:


I. INTRODUCTION

This §1983 civil rights action arises from the Commonwealth of Puerto Rico's ongoing and unconstitutional practice of maintaining, disseminating, and using extinguished criminal records—despite full legal rehabilitation—against both Plaintiffs, in violation of:

1. The Second Amendment;

2. The Fourteenth Amendment (procedural & substantive due process);

3. The Supremacy Clause (art. VI);

4. The Firearm Owners Protection Act (FOPA), 18 U.S.C. §§ 921–926A;

5. The Constitution of Puerto Rico, Article VI §19 (right to rehabilitation);

6. The laws of Puerto Rico governing pardons, rehabilitation, and expungement.

Both Plaintiffs are fully rehabilitated under Puerto Rico law:

- Co-Plaintiff Antonio Rodríguez Aponte received a full and unconditional gubernatorial pardon on July 2, 2007.

- Co-Plaintiff José M. Puigdollers Vega received a final judicial expungement order on October 13, 2016, eliminating his criminal record completely.

Under Puerto Rico law, federal law, and FOPA:

- A pardon extinguishes the conviction and all its effects.

- An expungement extinguishes the conviction and all its effects.

1

- Neither may be stored, disseminated, or used for ANY administrative, civil, or licensing purpose.
- Both represent full legal rehabilitation protected by Article VI §19 of the Puerto Rico Constitution and FOPA.

Despite this, Defendants continue to:

- Retain extinguished convictions in digital criminal systems;
- Disseminate those extinguished entries to NCIC, NICS, RCI, SIJC-PR, and PPR internal systems;
- Apply those extinguished entries to deny Plaintiffs their Second Amendment rights.
- There exists no historical tradition—per District of Columbia v. Heller, 554 U.S. 570 (2008), McDonald v. Chicago, 561 U.S. 742 (2010), Caetano v. Massachusetts, 577 U.S. 411 (2016), New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022)—that permits disarming rehabilitated, pardoned, or expunged individuals.

Plaintiffs seek:

- Declaratory relief;
- Permanent injunctive relief;
- Correction, deletion, and destruction of all extinguished data;
- Issuance of firearms licenses;
- Compensatory damages for the violation itself, as recognized in *Carey v. Piphus*, 435 U.S. 247 (1978), *Memphis v. Stachura*, 477 U.S. 299 (1986), *Farrar v. Hobby*, 506 U.S. 103 (1992) and Torres–Rivera v. O'Neill–Cancel, 406 F.3d 43 (1st Cir. 2005).

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action is brought under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
8. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.
9. Venue lies in this District under 28 U.S.C. § 1391(b), as all Defendants reside in Puerto Rico and all relevant events occurred within this District.

## III. PARTIES

10. Plaintiffs Antonio Rodríguez Aponte and José M. Puigdollers Vega are residents of Puerto Rico, law-abiding citizens, and fully eligible under federal and Commonwealth law to exercise the right to keep and bear arms.
11. Defendant Puerto Rico Police (PPR) is the governmental agency responsible for firearms

      licensing, the Firearms Registry, criminal record dissemination, and all administrative actions involving firearms rights.

12. Defendant Captain Johnny Acevedo, in his official capacity, is the senior official responsible for the Weapons Licensing Office and the Firearms Registry.

13. Defendant Assistant Commissioner for Criminal Investigations, Colonel Manuel de Jesús Trescow, in his official capacity, oversees the Defendant's investigative arm and participates in the decision-making process that results in the issuance and signing of firearms-license denials. He is the official who signs the notices depriving citizens of their right to keep and bear arms.

14. All Defendants acted under color of law.

## IV. FACTUAL BACKGROUND

A. Antonio Rodríguez Aponte

15. Years ago, Plaintiff was convicted of an offense in the Commonwealth of Puerto Rico.

16. Plaintiff subsequently received a FULL AND UNCONDITIONAL GUBERNATORIAL PARDON from the Governor of Puerto Rico.

17. Under binding precedent — including Ex parte Garland, 71 U.S. (4 Wall.) 333 (1867), Burdick v. United States, 236 U.S. 79 (1915), United States v. Klein, 80 U.S. (13 Wall.) 128 (1872), United States v. Noonan, 906 F.2d 952 (3d Cir. 1990) and longstanding constitutional doctrine — a full pardon eliminates guilt, penalties, disabilities, and all legal consequences, restoring the individual to the same legal position as if the offense had never occurred.

18. Puerto Rico's Constitution and jurisprudence are equally clear: executive clemency is exclusive, absolute, and unlimited, and its effect cannot be limited by statute or administrative action.

19. After receiving the pardon, Plaintiff successfully obtained a Puerto Rico firearms license, license # 86808 — conclusive evidence that the Commonwealth previously recognized the legal nullity of the conviction.

20. Plaintiff later attempted to renew his license.

21. Defendants denied the application solely on the basis of the pardoned conviction.

22. Defendants relied on criminal information that federal and Puerto Rico law requires to be eliminated, suppressed, or marked as legally null.

23. Federal regulations, including 28 C.F.R. §§ 20.21, 20.33, and the Federal Firearm Owners Protection Act (FOPA), prohibit the retention or dissemination of pardoned (Rodríguez) or expunged (Puigdollers) criminal records. Expungement is defined as the removal of information from an agency's record system, or the destruction of that record, in such a manner that no indication remains that the

3

information ever existed. Nonconviction data refers to information related to arrests or charges that did not result in a conviction, as well as situations in which a conviction was later <u>expunged</u>, set aside, <u>pardoned</u>, or the individual was otherwise relieved of all legal consequences arising from that event.

24. Defendants' conduct is therefore pre-empted by federal law under the Supremacy Clause.

25. No other statutory or regulatory disqualification applies to Plaintiff.

26. Defendants acted arbitrarily, without due process, without a hearing, without notice, and without any historical or legal justification.

27. Under Bruen, Defendants have the burden of identifying a historical analogue justifying the restriction of Plaintiff's Second Amendment rights.

28. No such tradition exists.

There is no historical tradition in 1791 or at any time in the founding era of disarming individuals whose convictions had been pardoned, expunged, or otherwise nullified.

29. Under Rahimi, United States v. Rahimi, 602 U.S. ___ (2024), the Government may only disarm individuals pursuant to a valid judicial process. Plaintiff is not under any judicial process.

30. Plaintiff has suffered constitutional injury.

B. José M. Puigdollers Vega

31. Puigdollers previously had convictions under Puerto Rico law, fully extinguished by a final judicial expungement order entered by the Court of First Instance.

32. The expungement order required deletion, sealing, and elimination of all records from every and all digital databases and hard copies.

33. Under Puerto Rico law, a judicial expungement places the individual in the same position as if the conviction had never existed.

34. Puerto Rico's Constitution (Art. VI §19) guarantees the right to rehabilitation and prohibits the continued imposition of stigma or legal consequences after expungement.

35. Despite the expungement, PPR and Commonwealth systems continue to store, disseminate, and use extinguished information in digital criminal archives.

36. After Puigdollers expunged his record he applied for a firearms license and obtained it, license # 15806, after five years he applied for renewal and was denied for the convictions expunged.

37. PPR denied the application using the same illegal practice applied to Rodríguez Aponte: use of extinguished, prohibited, and unconstitutional criminal data.

38. PPR refused to correct the illegal records and continues to maintain and disseminate them through PPR systems.

V. COMMON VIOLATIONS APPLICABLE TO BOTH PLAINTIFFS

Though arising from separate factual histories, the violations are IDENTICAL:

- Both are fully rehabilitated under Puerto Rico law.
- Both have extinguished records (one via pardon, one via expungement).
- Both are protected by the same constitutional mandate (Art. VI §19).
- Both suffered denial of Second Amendment rights using illegal, extinguished data.
- Both suffered procedural and substantive due process violations under the us Constitution.
- Both suffered federal Supremacy Clause violations under FOPA.
- Both are being impeded from exercising their Second Amendment protected rights.
- Both suffered ongoing harm through retention and dissemination of extinguished data.
- The defendant's ongoing refusal to recognize the legal effect of the pardon (Rodríguez) and the expungement (Puigdollers) constitutes a continuing constitutional violation.

CAUSES OF ACTION

COUNT I – Second Amendment (42 U.S.C. § 1983)

31. Plaintiffs repeats and incorporates all preceding paragraphs.

32. Plaintiff's conduct — keeping and bearing arms — is plainly protected.

33. Under Bruen, the burden shifts to the Government to identify an "analog" historical tradition.

34. No such tradition exists. Defendants' denial is therefore unconstitutional.

COUNT II – Due Process (Fourteenth Amendment)

35. Defendants deprived Plaintiffs of a fundamental right without any pre-deprivation process.

36. Under Mathews v. Eldridge, 424 U.S. 319 (1976), the deprivation is unconstitutional.

37. Defendants' actions were arbitrary and capricious, violating the Due Process Clause.

COUNT III – Equal Protection (Fourteenth Amendment)

38. Defendants treated Plaintiff differently from similarly situated applicants whose criminal records had been eliminated, pardoned, or expunged.

39. Specifically, Plaintiff Puigdollers holds a valid Florida concealed carry license, license #WX3218523, precisely because his record was expunged and legally extinguished. Yet the very same Puerto Rico government that ordered the expungement now impedes him—contrary to the constitutional command that his right "shall not be infringed"—from exercising in Puerto Rico the same right he lawfully exercises in the States.

40. No rational basis exists for this discrimination.

COUNT IV – Supremacy Clause / FOPA Preemption

41. Federal law prohibits retaining, disseminating, or using expunged or pardoned convictions.

42. Defendants used pardoned/expunged data in direct conflict with federal law.

43. Their actions are pre-empted under the Supremacy Clause.

COUNT V – Damages Under Carey, Stachura, Farrar, and Torres-Rivera

44. Plaintiff are entitled to nominal damages, as a matter of law, under Carey v. Piphus.

45. Plaintiff are entitled to punitive damages because Defendants acted with reckless or callous indifference to constitutional rights under Memphis v. Stachura.

46. Plaintiff will be a prevailing party under Farrar v. Hobby and Torres-Rivera v. O'Neill-Cancel, entitling Plaintiff to attorney's fees under 42 U.S.C. § 1988.

47. Plaintiff seeks compensatory damages for each federal constitutional right violated in an amount to be determined by the trier of fact, but reasonably estimated at $250,000 for the mere violation of his constitutional rights.

VI. PRAYER FOR RELIEF

Plaintiff requests:

A. A declaration that Defendants' actions violate federal and Puerto Rico law.

B. A permanent injunction ordering:

1. Deletion, correction, and destruction of all references to the pardoned (Rodríguez) and expunged (Puigdollers) conviction in hardcopy and all databases;

2. Correction of RCI, SIJC-PR, and related systems;

3. Prohibition on further reliance on extinguished records through pardon and/or expungement;

4. Prohibition on further maintenance either on databases and/or hardcopy of extinguished records through pardon and/or expungement;

5. Issuance of their firearm license once statutory criteria are met.

C. Compensatory damages under §1983.

D. Attorney's fees under 42 U.S.C. § 1988.

E. Any other relief deemed just and proper.

6

Respectfully submitted,

/s/Osvaldo Sandoval-Báez
Osvaldo Sandoval-Báez  #225308
LEGITIMA DEFENSA PR
799 de Diego Ave.
Caparra Terrace
San Juan, PR 00921
(787)400-3317
sandovalbaez@yahoo.com
sandoval@legitimadefensapr.com